IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD KUMPUS AND LORI KUMPUS )<br>)<br>Plaintiffs, )<br>) Civil Action No.<br>v. )<br>) **Jury Trial Demanded**<br>FFS, INC. D/B/A FARMERS FINANCIAL )<br>SERVICES, INC. )<br>)<br>Defendant. )<br>_____ ) | |

**NATURE OF ACTION**

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs' reside in this district, and/or where Defendant transacts business in this district.

1

## PARTIES

4. Plaintiffs, Ronald Kumpus and Lori Kumpus ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Ohio, County of Stark, and City of Canton.

5. Plaintiffs are both a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, FFS, Inc. d/b/a Farmers Financial Services, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiffs' incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt, Defendant sent Plaintiffs written communication dated May 10, 2011, in which Defendant stated, in relevant part, as follows:

> Please be advised that your delinquent account has been placed with our "Asset Investigation Department" and before any other action is taken or possible Legal Action begins, we would like to offer you an opportunity to make one of the following arrangements.

12. Subsequently, Defendant spoke with Plaintiff Lori Kumpus over the telephone, and at such time, Plaintiff informed Defendant that Plaintiff was receiving no income, was awaiting an award of social security disability, that Plaintiff's husband's bank account contained no money, and that Plaintiff's husband's only income is social security disability.

13. Plaintiff further informed Defendant that her lack of income was due in part to her fragile mental state, as Plaintiff recently attempted suicide.

14. Plaintiffs sent Defendant a letter via certified mail requesting Defendant cease and desist all collection contacts due to Plaintiffs' insolvency, which Defendant received on July 5, 2011 at 1:29 P.M.

15. Despite receipt of Plaintiffs' demand to cease and desist all collection contacts, Defendant sent Plaintiffs written communication dated July 8, 2011 in which Defendant stated, in relevant part, as follows:

> Are you aware that your debt can be litigated and a judgment can be obtained against you?  We are not prepared to retain legal counsel with our recommendation that the litigation should be filed.

16. Despite receipt of Plaintiffs' demand to cease and desist all collection contacts, Defendant placed a call to Plaintiffs' residential telephone line on July 13, 2011 at 3:25 P.M.

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered mental anguish and emotional distress.

## COUNT I
## RONALD KUMPUS V. FFS, INC. D/B/A FARMERS FINANCIAL SERVICES INC.

18. Plaintiffs repeat and re-allege each and every allegation contained above.

19. Defendant violated the FDCPA at 15 U.S.C. § 1692c(c) by communicating with the consumer after receiving notice that the consumer wishes the debt collector to cease further communication with the consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## RONALD KUMPUS V. FFS, INC. D/B/A FARMERS FINANCIAL SERVICES INC.

20. Plaintiffs repeat and re-allege each and every allegation contained above.

21. Defendant violated the FDCPA at 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## LORI KUMPUS V. FFS, INC. D/B/A FARMERS FINANCIAL SERVICES INC.

22. Plaintiffs repeat and re-allege each and every allegation contained above.

23. Defendant violated the FDCPA at 15 U.S.C. § 1692c(c) by communicating with the consumer after receiving notice that the consumer wishes the debt collector to cease further communication with the consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## LORI KUMPUS V. FFS, INC. D/B/A FARMERS FINANCIAL SERVICES INC.

24. Plaintiffs repeat and re-allege each and every allegation contained above.

25. Defendant violated the FDCPA at 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

This 4th day of November, 2011.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012